IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| LARRAINE PLATT,<br><br>Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PETITION FOR EAJA ATTORNEY'S FEES**<br><br>Case No: 2:06CV244 DN<br><br><br>Magistrate Judge David Nuffer |

Plaintiff Larraine Platt filed a petition for an award of attorney's fees[1] under the Equal Access to Justice Act ("EAJA")[2], which is opposed by the Commissioner.[3]  Because the court concludes that Platt is entitled to an award of attorney's fees in this case, the court grants the petition.[4]

---

[1] Petition for EAJA Attorney's Fees, docket no. 16, filed October 20, 2006.

[2] 28 U.S.C. § 2412(d).

[3] Defendant's Response to Plaintiff's Petition for Attorney's Fees ("Opposition Mem."), docket no. 19, filed November 2, 2006.

[4] This Social Security appeal has been referred to the United States Magistrate Judge for appropriate proceedings, with consent of the parties, pursuant to 28 U.S.C. § 636(c), docket no. 4, filed April 3, 2006.

PROCEDURAL BACKGROUND[5]

Platt filed an application for disability benefits in January 2004, alleging an inability to work since August 1, 2003.[6] After her claim was denied initially,[7] and on reconsideration,[8] she obtained a hearing before an Administrative Law Judge ("ALJ"), which was held April 26, 2005.[9] On July 12, 2005, the ALJ issued his decision finding that she was not disabled within the meaning of the Social Security Act.[10] On February 7, 2006, the Appeals Council denied her request for review,[11] making the ALJ's decision the final decision of the Commissioner.

Thereafter, in a Notice of Award, dated February 10, 2006, the agency informed Platt that she was entitled to disability benefits based upon a subsequent application.[12] A copy of this notice was also sent to Platt's attorney in this case.[13] The period of disability was to begin July 13, 2005, one day after the ALJ's July 12, 2005 decision.[14]

---

[5] Much of the background has been taken from the Commissioner's opposition memorandum, the facts of which are not in dispute. (See Plaintiff's Reply to Defendants Response to Motion for EAJA Attorney's Fees ("Reply"), docket no. 20, filed November 10, 2006.)

[6] R. at 59-61, 427. ("R" refers to the transcript of the administrative record.)

[7] R. at 49-52.

[8] R. at 45-47.

[9] R. at 422-78.

[10] R. at 11-25.

[11] R. at 5-8.

[12] Notice of Award, dated February 10, 2006, attached to Opposition Mem.

[13] See attachment to Opposition Mem.

[14] Opposition Mem. at 2.

On March 23, 2006, about a month after receiving the Notice of Award, Platt filed her Petition for Review in this case.[15] On May 23, 2006, the Commissioner filed her Answer.[16] On July 17, 2006, five months after receiving the Notice of Award, Platt filed her brief in support of her petition for review asking the court to remand the case based, in part, upon the award of benefits on the subsequent application.[17] On August 15, 2006, the Commissioner filed a motion[18] to remand the case to allow the Appeals Council to reconcile the two decisions. The court granted the motion the same day.[19]

Platt then filed the instant petition for an award of attorney's fees under the Equal Access to Justice Act. After reviewing the parties' submissions, the court ordered[20] supplemental briefing which is now complete.

### DISCUSSION

The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that *special circumstances*

---

[15] Docket no. 3.

[16] Docket no. 5.

[17] Docket no. 12, at 4-5, 6-7.

[18] Defendant's Unopposed Motion to Remand, docket no. 14, filed August 15, 2006.

[19] Order, docket no. 15, filed August 15, 2006.

[20] Order for Supplemental Briefing on Petition for EAJA Attorney's Fees, docket no. 21, filed December 21, 2006.

*make an award unjust.*[21]  Thus, a fee award is required under the EAJA if (1) the plaintiff is a prevailing party; (2) the position of the United States was not substantially justified; and (3) no special circumstances exist that would make an award unjust.[22]

The Commissioner contends that special circumstances exist in this case that make an award of attorney's fees unjust.  Specifically, the Commissioner asserts that all litigation in this case was unnecessary, and could have been avoided if Platt's counsel had simply informed the Commissioner of the subsequent award of benefits.  The Commissioner notes that Platt filed her petition for review a month *after* receiving the award letter, and waited another four months before filing her brief in support of her petition.  According to the Commissioner,

> Plaintiff was well aware that she could ask the Commissioner to reconcile [the] two conflicting determinations once she received the subsequent favorable award letter.  Yet, she decided [to] get the EAJA ball rolling by filing a civil action.  This not only wasted judicial and the Commissioner's resources by necessitating the preparation and filing of at least 11 court filings, but harmed Plaintiff by causing additional delay.[23]

The Commissioner further asserts that this has happened before in another social security case where the plaintiff was represented by the same counsel who is representing Platt in the present case.[24]

Platt responds that she merely invoked the only judicial remedy open to her.  She states that the Commissioner had the same, if not a better, opportunity than she had to have the case

---

[21] 28 U.S.C. § 2412(d)(1)(A)(emphasis added).

[22] *Hackett v. Barnhart*, 469 F.3d 937, No. 06-1066, 2006 WL 3365374, at *4 (10th Cir. Nov. 21, 2006).

[23] Opposition Mem. at 3 (citations omitted).

[24] *Id.* (citing *Ralston v. Barnhart*, No. 2:02-CV-900 BSJ (D. Utah Mar. 9, 2004), Order Denying Plaintiff's Petition for Attorney's Fees, docket no. 36, filed March 9, 2004.

remanded. Assuming the Commissioner is aware of her own decisions, she could have sought remand of the case under sentence six of 42 U.S.C. 405(g) before filing an answer. Platt further states that the Commissioner has not consistently followed a policy of voluntarily remanding cases following an award of benefits on a subsequent application as the Commissioner suggests[25] In conclusion, Platt asserts that it is unfair to place the burden on the claimant to determine whether the Commissioner does or does not know about her own actions and intentions.[26]

Under internal social security policy, the Commissioner has a duty to reconcile conflicting decisions. This policy, SSA-EM-99147,[27] effective December 30, 1999, provides that if a new claim is approved while a prior claim is pending before the Appeals Council, the new file should be sent to the Appeals Council to determine whether it contains new and material evidence relating to the time period of the prior claim.[28] The policy further provides that any favorable determination on the subsequent claim will be limited to the period beginning the day after the date of the ALJ's earlier decision as was done in this case.[29]

Because of the close temporal proximity between the date of the Award of Benefits on Platt's subsequent application (February 10, 2006), and the Appeals Council's decision declining review in this case (February 7, 2006), it was not clear to the court whether this case actually was pending before the Appeals Council at the time the subsequent application was approved. Since

---

[25]Reply (citing *Glenn v. Barnhart*, No. 1:03-CV-1 TC.)

[26]Reply.

[27]This policy may be found at *www.ssas.com/newclaim.htm*..

[28]*Barrientoz v. Massanari*, 202 F. Supp. 2d 577, 584 (W.D. Tex. 2002).

[29]*Id.* at 584-85.

the court could not determine whether the facts of this case were precisely within the application of SSA-EM-99147, the court requested supplemental briefing. In their supplemental briefs, the parties agree that SSA-EM-99147 applies to this case. They also agree, however, that because the Appeals Council had already denied Platt's request for review, this case was not pending before the Appeals Council at the time Platt's subsequent application was approved.[30]

In her supplemental brief, the Commissioner argues that because the subsequent favorable determination was made three days after the Appeals Council denied Platt's request for review, there was no inconsistency for the Appeals Council to resolve.[31] The Commissioner asserts that after Platt received notice of the approval of the subsequent application, she "should have asked for reopening on the basis of the apparently inconsistent decisions before filing a civil action."[32] Platt, on the other hand, contends that she "pursued her only legal recourse by filing for review of the Commissioner's decision in this court."[33] Platt also states:

> Defendant does not identify any means for Plaintiff to pursue her claim for benefit other than to ask. Defendant does not say who should be asked, what the authority for asking is, the method of asking that would have preserved Plaintiff's legal rights to pursue an action in this court, or why it is Plaintiff's burden to do the asking.[34]

---

[30] Defendant's Supplemental Brief at 1-2, docket no. 22, filed January 12, 2007; Plaintiff's Reply to Defendant's Supplemental Brief ("Platt's Supplemental Brief"), Docket no. 23, filed January 26, 2007.

[31] Defendant's Supplemental Brief at 1-2.

[32] *Id.* at 3 (citing 20 C.F.R. § 404.988, listing conditions for reopening).

[33] Platt's Supplemental Brief.

[34] *Id.*

The Commissioner has provided no explanation as to why the two apparently conflicting determinations were not reconciled at the agency level except to say that no actual conflict existed since the Appeals Council had already denied Platt's request for review at the time the subsequent application was approved.  Further, although the Commissioner states that Platt should have asked the Commissioner to reopen the case after she received the award letter, it is far from clear from the regulations that Platt was required to follow this course or that such a request would have been successful.[35]

Section 405(g) specifically provides that a claimant may obtain a review of any final decision of the Commissioner issued after a hearing by commencing a civil action in district court.  The Notice of Appeals Council Action sent to Platt in this case likewise instructs:  "If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.  If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules."[36]  It seems reasonable for Platt to have followed the procedure that is clearly spelled out in the statute and that was directly instructed by the Commissioner's Notice.

The court believes that the Commissioner shares some responsibility for the litigation that occurred in this case.  First, the Commissioner must be deemed to be aware of her own decisions, and thus could have reopened the case on her own initiative after the subsequent favorable

---

[35]See 20 C.F.R. §§ 404.987 to 404.989 (2006).

[36]R. at 6.

determination.[37]  Second, as Platt points out, the Commissioner could have filed a motion for remand under sentence six of section 405(g) before filing an answer, thus avoiding most of the litigation in this case, but she failed to do so.  After considering the parties' submissions and the applicable law, the court believes that counsel's actions in this case were not so unreasonable as to make an award of attorney's fees unjust.

Platt has submitted a supplemental affidavit in support of her petition for attorney's fees.[38]  She is a prevailing party under the EAJA, having previously obtained a remand under sentence four of section 405(g).[39]  The Commissioner has not argued that her position in this case was substantially justified, or challenged Platt's computation of her requested attorney's fees including the time expended or the hourly rates.  Since Platt's fee request appears reasonable, the petition for an award of attorney's fees under the Equal Access to Justice Act in the amount of $2,092.16 is GRANTED.[40]

February 28, 2007.

BY THE COURT:

_David Nuffer_
David Nuffer
U.S. Magistrate Judge

---

[37] 20 C.F.R. § 404.987(b).

[38] Supplemental Affidavit in Support of EAJA Attorney's Fees, docket no. 24, filed January 26, 2007.

[39] *Hackett*, 469 F.3d 937, 2006 WL 3365374, at *1.

[40] Petition for EAJA Attorney's Fees, docket no. 16, filed October 20, 2006.